## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKY JOE WALLER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-430-G |
| | ) |
| **WARDEN B. GREILICK,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

The Court is in receipt of a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. No. 1) filed by Petitioner Ricky Joe Waller, a federal prisoner appearing pro se. Petitioner's pleading alleges that he is confined at FCI El Reno and challenges the Bureau of Prisons' execution of his federal sentence. *See* Pet. at 1-3. Petitioner's cited statute provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody." 28 U.S.C. § 2241(c)(3). The Court's review of the BOP's online inmate locator reflects that Petitioner was released from federal custody on December 4, 2020.[1]

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998)

---

[1] *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Aug. 12, 2021).

(citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

The fact that Petitioner is no longer in custody "does not automatically moot" his § 2241 petition, however, "because he was in custody at the time of filing." *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002) (citing *Spencer*, 523 U.S. at 7). To continue to present a live case or controversy under § 2241 after being released from custody, Petitioner must allege "collateral consequences of the conviction"—i.e., "some concrete and continuing injury" "adequate to meet Article III's injury-in-fact requirement." *Lucero v. McKune*, 340 F. App'x 442, 443-44 (10th Cir. 2009) (alteration and internal quotation marks omitted).

Accordingly, Petitioner was ordered to show cause, no later than August 26, 2021, why this habeas action should not be dismissed as moot. *See* Order to Show Cause (Doc. No. 7). The Order to Show Cause was mailed to Petitioner at the address he provided to the Court.

As of this date, no response or other filing has been submitted by Petitioner. Further, no continuing injury or collateral consequences of Petitioner's conviction are evident from the record before the Court.

## CONCLUSION

The Court therefore DISMISSES the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 as MOOT. A separate judgment shall be entered.

IT IS SO ORDERED this 15th day of September, 2021.

_____
CHARLES B. GOODWIN
United States District Judge